trict court.[1]

## UNITED STATES of America, Plaintiff–Appellee,

v.

## David Everett BOOTHROYD, Defendant–Appellant.

### No. 03–30166.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 15, 2004.

Decided July 21, 2004.

Charles M. Stuckey, Mark O. Hatfield, Portland, OR, for Plaintiff-Appellee.

Francesca Freccero, Esq., Portland, OR, David Everett Boothroyd, Sheridan, OR, for Defendant-Appellant.

Before: REAVLEY,* W. FLETCHER, and TALLMAN, Circuit Judges.

### MEMORANDUM **

David Everett Boothroyd appeals the district court's denial of his motion to suppress the fruits of a search conducted by the Energy Recovery Unit of Portland General Electric ("PGE"). We affirm.

The critical factors in determining whether a private search is subject to the limitations of the Fourth Amendment are "(1) the government's knowledge and acquiescence, and (2) the intent of the party performing the search." *United States v. Walther,* 652 F.2d 788, 792 (9th Cir.1981). Here, as in *United States v. Cleaveland,* 38 F.3d 1092 (9th Cir.1994), the district court found that PGE's search was principally—if not exclusively—motivated by the private company's legitimate, independent motive to prevent power theft. *See id.* at 1094. The district court correctly determined that the sheriff's limited involvement in PGE's search was insufficient to transform the private search into a governmental search. *See id.; cf Corngold v. United States,* 367 F.2d 1, 5–6 (9th Cir. 1966). The fact that the sheriff provided PGE with the power theft tip does not change our conclusion. *See Gold v. United States,* 378 F.2d 588, 591 (9th Cir.1967).

**AFFIRMED.**

* The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.